# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| BRENNA LEE-ANN SCOTT, | |
| Plaintiff, | No. 19-CV-4037-LRR |
| vs. | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Commissioner of Social Security's ("Commissioner") Objections (docket no. 20) to United States Chief Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (docket no. 19), which recommends that the court reverse the Commissioner's final decision to deny disability benefits to Scott, and remand for further proceedings.

## II. RELEVANT PROCEDURAL HISTORY

On July 19, 2019, Scott filed a Complaint (docket no. 4), seeking judicial review of the Commissioner's final decision denying Scott's applications for Title II disability insurance benefits and Title XVI supplemental security income ("SSI") benefits. On September 23, 2019, the Commissioner filed an Answer (docket no. 8). On January 23, 2020, Scott filed the Plaintiff's Brief (docket no. 16). On February 21, 2020, the Commissioner filed the Defendant's Brief (docket no. 17). On March 6, 2020, the matter was referred to Judge Mahoney for issuance of a report and recommendation. On April 24, 2020, Judge Mahoney issued the Report and Recommendation. On May 1, 2020, the Commissioner filed the Objections. On May 15, 2020, Scott filed a Response to the

Objections ("Response") (docket no. 21). The matter is fully submitted and ready for decision.

### III. STANDARD OF REVIEW
#### A. *Review of Final Decision*

The Commissioner's final determination not to award disability insurance benefits is subject to judicial review. *See* 42 U.S.C. § 405(g). The court has the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id*. The Commissioner's factual findings shall be conclusive "if supported by substantial evidence." *Id*. The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). "The court 'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014) (quoting *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Fentress v. Berryhill*, 854 F.3d 1016, 1019-20 (8th Cir. 2017) (quoting *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge ("ALJ")], but [it] do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers "both evidence that detracts from the Commissioner's decision, as well as evidence that supports it." *Fentress*, 854 F.3d at 1020; *see also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (providing that review of the Commissioner's decision "extends beyond examining the record to find substantial evidence in support of the [Commissioner's] decision" and noting that the court must also "consider evidence in the record that fairly detracts from that decision"). The Eighth Circuit Court of Appeals

2

explained this standard as follows:

> This standard is "something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal."

*Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)). The court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). "An ALJ's decision is not outside the zone of choice simply because [the court] might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley*, 528 F.3d at 1115). Therefore, "even if inconsistent conclusions may be drawn from the evidence, the [Commissioner's] decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016) (providing that a court "may not reverse simply because [it] would have reached a different conclusion than the [Commissioner] or because substantial evidence supports a contrary conclusion").

### B. *Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court

must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to object to any portion of a magistrate judge's report and recommendation, he or she waives the right to de novo review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The United States Supreme Court has stated that "[t]here is no indication that Congress, in enacting § 636(b)(1)[ ], intended to require a district judge to review a magistrate's report to which no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 152 (1985). However, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under de novo or any other standard." *Id*. at 154.

### IV. OBJECTIONS

In the Objections, the Commissioner argues that Judge Mahoney erred in finding that the ALJ's physical RFC finding is not supported by substantial evidence. *See generally* Objections at 2-6. After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 9-1 through 9-17), the court shall overrule the Objections.

In the Objections, the Commissioner asserts that "the ALJ discussed [Scott's] medical records at length within his RFC analysis and this evidence supported the ALJ's finding that [Scott] could do light work with limited reaching, postures, and other

4

restrictions." Objections at 3. In response, Scott asserts that, contrary to the Commissioner's argument, "not only is the ALJ's opinion lacking some medical evidence to support [the] RFC, there is no medical evidence supporting the ALJ's RFC." Response at 2.

In the Report and Recommendation, Judge Mahoney addressed the ALJ's RFC assessment as follows:

> Scott argues that no medical evidence supports the ALJ's RFC determination and that the ALJ should have obtained a medical opinion addressing the effects of Scott's Chiari malformation on her ability to function physically. I agree. Here, no medical opinion in the record addresses the effects of Scott's Chiari malformation Scott's treating providers did not submit medical opinions, the Social Security Administration did not order a consultative examination to evaluate Scott's physical limitations, and the state agency medical consultants determined Scott's Chiari malformation was not a serious impairment and caused no functional limitations (in contrast to the ALJ). *See* [AR] 76-77, 97-98. The state agency medical consultants opined that the effects of Scott's Chiari malformation would improve with surgery and would not last twelve months in contrast to the ALJ's findings and the the treatment notes in the record. The ALJ could not have relied on the state agency medical consultants' "assessment of the limitations caused by [the claimant's Chiari malformation] when [the consultants] did not even agree with the ALJ as to the existence *vel non* of th[at] impairment[]." *Lauer* [*v. Apfel*], 245 F.3d [700,] 705 [(8th Cir. 2001)]. I recommend finding that "some medical evidence" does not support the ALJ's physical RFC determination.

Report and Recommendation at 11-12.

When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the RFC to perform a significant number of other jobs in the national economy that are consistent with the claimant's impairments and vocational factors such as age, education and work experience. *See Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th

5

Cir. 1998). The ALJ is responsible for assessing a claimant's RFC, and his or her assessment must be based on all of the relevant evidence. *See Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). Relevant evidence for determining a claimant's RFC includes "medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Id.* (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004)). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Id.* (quoting *Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008)).

Additionally, an ALJ "has a duty to fully and fairly develop the evidentiary record." *Byes v. Astrue*, 687 F.3d 913, 915-16 (8th Cir. 2012); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008).

Here, the ALJ determined that, among other things, Scott's Chiari malformation was a severe impairment. *See* AR at 14. While the ALJ reviewed medical records relating to Scott's diagnosis of Chiari malformation and some treatment of the impairment, *see* AR at 17-24, the ALJ's decision fails to address the effects, if any, that Scott's diagnosis of Chiari malformation had on her physical RFC. Moreover, the record lacks opinion evidence on the effects of Chiari malformation on Scott. Based on the foregoing, the court agrees with Judge Mahoney's determination that the ALJ's physical RFC finding is not properly supported by "some medical evidence" with regard to her diagnosis of Chiari malformation and how it effects Scott's RFC. Therefore, because the ALJ's physical RFC finding lacks proper support of some medical evidence, the court finds that

remand is appropriate for the ALJ to further develop the record with regard to Scott's physical RFC determination, particularly with regard to her diagnosis of Chiari malformation. On remand, the ALJ must support his physical RFC finding with some medical evidence that addresses how Scott's impairments, particularly Chiari malformation, effect her physical RFC, not simply medical evidence of a diagnosis. Accordingly, the court shall overrule the Commissioner's objections.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 20) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 19) is **ADOPTED**; and

(3) The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

**DATED** this 15th day of October, 2020.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA